ALEXANDER TRIBBLE *v.* W. C. TERRILL, ET AL.

**Judicial Sale of Real Estate.**
> Where a judgment for the sale of real estate is not void but merely erroneous the purchaser at such a sale will acquire title.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

February 18, 1880.

OPINION BY JUDGE COFER:

It is unnecessary to inquire whether the judgment to sell the land is erroneous. Unless it is void the appellant will acquire a valid title and has no right to complain of mere error in the judgment.

This proceeding was under Art. 6, Chap. 63, Gen. Stat., providing for the sale of remainder and contingent interests in land, and not under Art. 3, as counsel seem to suppose.

The land was devised to William C. Terrill for life, with remainder of his children. In such cases Sec. 1, Art. 6, provides that the petition for a sale may be filed by any person having a present interest in the land, and that if the court shall be satisfied that the interests of all concerned would be benefited by such sale it shall adjudge accordingly, "which judgment shall invest the purchaser with all the title of the present and future contingent claimants of said real estate."

Section 2 provides that the proceedings provided for in the first section shall be the same in all respects, as far as necessary, as those provided in Article 4, which relates only to the sale of the lands of infant married women. The only provisions of that article which can possibly apply to a proceeding under Article 6, are those in relation to a bond and the privy examination of feme coverts interested in the land.

In this case there are no feme coverts, and consequently that provision has no application. The provision in regard to a bond does not apply because Sec. 3, Art. 6, requires the proceeds of the land to be invested by the court in other land, and consequently the money will remain in the hands of an officer of court responsible for it on his official bond, until invested, and hence no bond was necessary.

The appellant acquired a valid title and the judgment confirming the sale must be *affirmed.*

*Chenault & Bennett, for appellant. W. B. Smith, for appellee.*